UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL BONILLA,<br><br>  Plaintiff,<br><br>  v.<br><br>BUREAU OF PRISONS, *et al.*,<br><br>  Defendants. | Case No. 24–cv–06310–ESK–MJS<br><br>OPINION |

**KIEL, U.S.D.J.**

  **THIS MATTER** comes before the Court on *pro se* plaintiff Manuel Bonilla's civil rights complaint filed pursuant to the Federal Tort Claims Act (Torts Act), 28 U.S.C. § 2671 et seq, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Complaint). (ECF No. 1.) Because plaintiff is a prisoner seeking redress from government entities and employees, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b). For the following reasons, I will dismiss all defendants except for Maria Marrero. I will transfer the Complaint to the District of Maryland for its consideration.

  **I. LEGAL STANDARD**

  The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner seeking relief from "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). I must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915A(b)(1)–(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II. DISCUSSION

Plaintiff alleges the Federal Bureau of Prisons (Bureau) and its employees denied medical care for his knees beginning in 2010. (ECF No. 1 p. 6.) He names the Bureau, standing in for the United States, and at least 16 medical employees as defendants. (*Id.* pp. 1, 2.) The Complaint concerns nine Bureau facilities in nine judicial districts: USP Leavenworth in the District of Kansas, FCI Big Spring in the Northern District of Texas, FCC Beaumont in the Eastern District of Texas, FCI Cumberland in the District of Maryland, Reeves County

Detention Center in the Western District of Texas,[1] FCI Victorville in the Central District of California, FCI Williamsburg in the District of South Carolina, FCI Hazelton in the Northern District of West Virginia, and FCI Fort Dix in the District of New Jersey.  (*Id. passim.*)

### A.  Torts Act Claim

"The [Torts Act] waives sovereign immunity and grants district courts jurisdiction over tort claims against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)) (emphasis omitted), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).  This waiver of sovereign immunity is limited, however.  "Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed."  *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989).

The Torts Act "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies."  *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)).  To exhaust his administrative remedies, a plaintiff suing under the Torts Act must present the offending agency, which here would be the Bureau, with notice of the claim, including a "sum certain" demand for monetary damages.  *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010).  Exhaustion occurs when either the agency denies the claim or six months have passed without a written denial of

---

[1] Reeves County Detention Center is a private facility with a Bureau contract to house federal prisoners.  (ECF No. 1 ¶ 56.)

3

the claim. 28 U.S.C. § 2675(a). "This requirement is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). The exhaustion requirement applies to all Torts Act plaintiffs regardless of their *pro se* or incarcerated status. *Id.*; *Wadhwa v. Nicholson*, 367 F. App'x 322, 325 n. 5 (3d Cir. 2010).

Plaintiff has not alleged that he exhausted the Torts Act administrative process for his negligence claim against the United States.[2] In his attached declaration, plaintiff asserts that he submitted remedy forms to the Bureau's internal administrative review program. (ECF No. 1 pp. 19, 20). "The [Bureau's] internal grievance process, the Administrative Remedy Program, is distinct and separate from the [Torts Act's] administrative remedy procedure." *McFadden v. United States*, No. 19–cv–02900, 2021 WL 1088307, at *3 (E.D. Pa. Mar. 22, 2021); *see also* 28 C.F.R. § 542.10 (distinguishing the Bureau's Administrative Remedy Program from "statutorily-mandated procedures in place for tort claims"); *Gambino v. Cassano*, No. 17–cv–00830, 2022 WL 4536469, at *14 (D.N.J. Sept. 28, 2022) ("The exhaustion process for [a Torts Act] claim is separate and distinct from the exhaustion process for *Bivens* claims.") "For an inmate of the Bureau of Prisons … a claim must be filed directly to the Regional Office within two years after the claim occurred." *McFadden*, 2021 WL 1088307, at *3 (citing 28 C.F.R. § 543.31(c); Bureau Program Statement 1320.06). Plaintiff makes no indication that he complied with this requirement, so it is not clear that I have jurisdiction over his Torts Act claim. I will dismiss this claim without prejudice.

---

[2] The United States is the only proper defendant in Torts Act cases. *CNA v. United States*, 535 F.3d 132, 138 n. 2 (3d Cir. 2008).

### B.   *Bivens* Claims

With one exception, Plaintiff has not stated *Bivens* claims against the individually named defendants.[3]  The named and Doe defendants are medical and clinical directors or other decision makers. (ECF No. 1 pp. 1, 2.) Supervisory officers "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*   For his Eighth Amendment deliberate indifference claims, plaintiff must "plead sufficient facts to show: '(1) [he] was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [his] health and safety, and (3) the official's deliberate indifference caused [him] harm.'"  *Kalu v. Spaulding*, 113 F.4th 311, 341–42 (3d Cir. 2024) (quoting *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (alterations in original)).   Plaintiff has not made any specific factual allegations about how *each* defendant *personally* violated his constitutional rights except for defendants Stephen Hooey, Maria Marrero, and Katina Friday.  Out of these defendants, only the claims against Marrero are not subject to dismissal on the face of the Complaint.

According to the Complaint, Hooey requested total knee arthroplasty for plaintiff's right knee in October 2022.  (ECF No. 1 ¶ 67.)  Plaintiff makes no other factual allegations about Hooey.  Therefore, he has failed to state a claim against Hooey.

Plaintiff asserts Friday, who held "a position of decision-making in the Office of Medical Designation & Transportation … Texas," denied surgery in October 2018 and instead ordered injections that had not worked previously.

---

[3] The United States and its agencies are immune from suit pursuant to *Bivens*. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

(*Id.* ¶ 47.) Friday also allegedly denied the medical transfer request that Marrero approved in September 2019 "due to no dental screening." (*Id.* ¶ 54.) Plaintiff asserts that she continued to deny his request even after he received a dental check-up. (*Id.* at 18.) Plaintiff's claims against Friday are barred by the statute of limitations.[4]  *Bivens* actions are subject to a two-year statute of limitations in both New Jersey and Texas. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West); *Torruella-Torres v. Fort Dix FCI*, 678 F. App'x 59, 60 (3d Cir. 2017). Plaintiff's claims accrued against Friday in September 2019, making his *Bivens* complaint due in September 2021. The Complaint was filed too late even if I exclude the time plaintiff spent pursuing administrative remedies. Plaintiff states he filed an administrative remedy in August 2021: one month before the statute of limitations expired. (ECF No. 1 at 19.) His administrative remedies continued until June 20, 2022, 60 days after he filed his final appeal with the Bureau's General Counsel.[5] (*Id.* at 20.) Plaintiff filed this Complaint more than a month later. Therefore, plaintiff filed his Complaint against Friday too late.

I have dismissed the claims against the United States and Bureau for lack of jurisdiction and failure to state a claim as well as those claims that are meritless on the face of the Complaint. I conclude that the only remaining

---

[4] "Although the statute of limitations is an affirmative defense, a court may dismiss claims *sua sponte* if a time-bar is obvious from the face of the complaint and no further development of the record is necessary." *Demby v. Cnty. of Camden*, No. 21–1433, 2021 WL 4957002, at *1 (3d Cir. Oct. 26, 2021) (citing Fed. R. Civ. P. 8(c)), *cert. denied*, 142 S. Ct. 1163 (2022).

[5] Plaintiff states he filed his final appeal on April 20, 2022. (ECF No. 1 p.20.) The General Counsel has 60 days to respond: 40 days with a one-time 20-day extension. 28 U.S.C. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

claim, plaintiff's allegations against Marrero, should be transferred to the District of Maryland for further consideration. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought … ." 28 U.S.C. § 1404(a). According to plaintiff, Marrero was the Mid-Atlantic Regional Medical Director in Maryland. (ECF No. 1 ¶ 13.) Plaintiff alleges Marrero approved surgery on plaintiff's knee in August 2018 "only to deny it eight months later" using outdated criteria. (*Id.* ¶¶ 46, 50.) Marrero also allegedly denied plaintiff's request for a medical transfer in June 2019, but later granted one in September 2019. (*Id.* ¶¶ 50, 53.) Plaintiff could have filed his Complaint in the District of Maryland, and key events of the Complaint occurred in that district. Therefore, it would be more convenient for the parties to continue this action in the District of Maryland.

### III. CONCLUSION

For the reasons stated above, I will dismiss all defendants without prejudice, except for Maria Marrero. I will transfer the Complaint to the District of Maryland for its consideration. 28 U.S.C. § 1404(a). An appropriate Order accompanies this Opinion.

                                                       */s/ Edward S. Kiel*
                                                       **EDWARD S. KIEL**
                                                       UNITED STATES DISTRICT JUDGE

Dated: May 19, 2025